IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK HARRIS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-686-DRH |
| | ) |
| LISA HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the 151 month sentence imposed on him by the United States District Court for the Eastern District of Wisconsin. *See United States v. Harris*, Case No. 2:2000-cr-00225 (E.D. Wisc.).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**THE PETITION**

Petitioner was pleaded guilty of being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1). *Id.*; Petition for a Writ of Habeas Corpus, pg. 3. Petitioner was sentenced to 151 months imprisonment as an armed career criminal, under 18 U.S.C. § 924(e)(1). *Id.* It appears that Petitioner did not appeal his conviction or sentence to the Seventh Circuit Court of Appeals. It further appears that Petitioner has not sought relief pursuant to 28 U.S.C. § 2255 from the sentencing court.

An armed career criminal under 18 U.S.C. § 924(e)(1) faces a prison term "of at least fifteen years." 18 U.S.C. § 924(e)(1). To qualify as an armed career criminal under 18 U.S.C. § 924(e)(1), a person "must have three previous convictions . . .for a violent felony or a serious drug offense, or both, committed on occasions different from one another." Id. In reliance on *Begay v. United States*, 533 U.S. 137 (2008), Petitioner argues that one of his three prior convictions does not qualify as a crime of violence. Accordingly, Petitioner believes his enhanced sentence is unjustified and that he should be re-sentenced accordingly.

.**DISCUSSION**

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging a conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e).

In *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998), the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for

post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Petitioner claims he is "actually innocent," not of the federal crime for which he pleaded guilty (being a felon in possession of a firearm), but of being an armed career offender pursuant to 18 U.S.C. § 924(e)(1). Petitioner argues he is not an armed career criminal because of various events that occurred after he was sentenced . Specifically, the Supreme Court's interpretation of § 924(e)(1) in *Begay*. Petitioner's claim, in other words, is that in retrospect the trial court misapplied § 924(e)(1) resulting in a lengthier sentence being imposed on him than he should have received.

Unfortunately for Petitioner, his claims are not appropriate for collateral review under § 2241. *Montenegro v. United States*, 248 F.3d 585, 596 (7th Cir. 2001) (citing, *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993); *see also*, *In re Davenport*, 147 F.3d at 609-610.[1] Petitioner was not *convicted* of being an armed career criminal. It is not a crime to be an armed career criminal. Rather, that status is a sentencing enhancement that acts to increase the sentence of a convicted defendant that meets the statutory definition. It is intended to ensure increased sentences for recidivist offenders who committed crimes of violence or drug offenses. *See United States v.*

---

[1] The Seventh Circuit overruled part III of *Montenegro* in *Ashley v. United States*, 266 F.32D 671, 674 (7th Cir. 2001). The Court's citation to *Montenegro* does not fall within the overruled section of the case.

*Labonte*. 520 U.S. 751, 774, 117 S. Ct. 1673 (1997).

The fact that there was a change in the law or interpretation affecting sentencing after the Defendant was sentenced, does not show § 2255 to be "inadequate or ineffective" as the law defines those terms. *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2001). To gain a review on the merits of his § 2241 petition, Petitioner's legal theory cannot merely attack the length of his sentence, but must demonstrate that he is actually innocent of the *crime* for which he pleaded guilty. *See Uthank v. Jett*, 549 F.3d 534, 535-36 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d at 217-19; *Cooper v. United States*, 199 F.3d 898, 899-901 (7th Cir. 1999); *In re Davenport*, 147 F.3d at 609-10. Because Petitioner has not established that § 2255 is "inadequate or ineffective," he is not entitled to pursue his claims in a § 2241 action.

### DISPOSITION

Because Petitioner is not entitled to pursue his claims in a § 2241 action, this action is summarily **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** October 19, 2010.

David R. Herndon
2010.10.19 09:48:16
-05'00'

**DISTRICT JUDGE**